LARSON & ZIRZOW, LLC
ZACHARIAH LARSON, ESQ.
Nevada Bar No. 7787
E-mail: zlarson@lzlawnv.com
MATTHEW C. ZIRZOW, ESQ.
Nevada Bar No. 7222
E-mail: mzirzow@lzlawnv.com
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170
Fax: (702) 382-1169

Proposed Attorneys for Debtor

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>GATA III LLC,<br><br>                Debtor. | Case No. 21-10690-nmc<br>Chapter 11<br><br>Date:  March 23, 2021<br>Time:  9:30 a.m. |

**APPLICATION FOR ORDER APPROVING THE EMPLOYMENT OF
LARSON & ZIRZOW, LLC AS GENERAL REORGANIZATION COUNSEL
FOR DEBTOR RETROACTIVE TO THE PETITION DATE**

Gata III LLC, a Nevada limited liability company, as debtor and debtor in possession (the "Debtor"), submits its application (the "Application") requesting approval to employ Larson & Zirzow, LLC ("L&Z") as its general reorganization counsel retroactive to the Petition Date of February 15, 2021. This Application is made and based on the points and authorities herein, the *Declaration of Zachariah Larson, Esq.* (the "Larson Declaration") filed in support, the papers and pleadings on file in this case, judicial notice of which are requested, and any arguments of counsel made at any hearings on the Application.

. . .

. . .

. . .

## Introduction

1. Gata III LLC is a Nevada limited liability company with a principal place of business located at 1463 Graystone Canyon Ave., Las Vegas, Nevada. The Debtor was formed on April 26, 2018, and is managed by Paul Thomas ("Mr. Thomas"), who is also its sole member. The Debtor owns two (2) parcels of improved real property in Clark County, Nevada, one located at 375 North Stephanie Street, #3, Henderson, Nevada, which is currently leased to a Tokyo Boys sushi bar and restaurant, and the second located at 120 Cassia Way, Henderson, Nevada, which is a flex-use storage and warehouse space with a gross building area of 5,944 square feet (collectively, the "Properties").

## Jurisdiction and Venue

2. On February 15, 2021 (the "Petition Date"), the Debtor filed its voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), thereby commencing its bankruptcy case (the "Chapter 11 Case"). On its petition, the Debtor elected to be treated as a debtor under Subchapter V of chapter 11. The Debtor is a small business debtor and has made its Subchapter V election at the time of filing its voluntary petition. The Debtor is authorized to continue operating its business and managing its Properties as a debtor in possession pursuant to sections 1182(2) and 1184 of the Bankruptcy Code, and sections 1107(a) and 1108 of the Bankruptcy Code, as applicable. No official committees have been appointed in the Chapter 11 Case, and Brian D. Shapiro has been appointed as the Subchapter V Trustee.

3. The Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 1001(b)(1). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Pursuant to LR 9014.2, the Debtor consents to the entry of final orders and judgments by the bankruptcy judge as to the matters at issue in this Application. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408(1) and 1409(a).

## Relief Requested

4. The Debtor seeks court approval pursuant to section 327(a) of the Bankruptcy Code to employ and retain L&Z as its attorneys in connection with the Chapter 11 Case. The Debtor requests that the Court approve the retention and compensation of L&Z as its attorneys to

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

perform the legal services that will be necessary during its Chapter 11 Case in accordance with L&Z's normal hourly rates and normal reimbursement policies. L&Z requests that this approval be granted retroactive to the Petition Date.

### Retention

5. On or about February 12, 2021, L&Z entered into a Legal Representation Agreement (the "Representation Agreement") with the Debtor, a true and correct copy of which is attached to the Larson Declaration as **Exhibit 1**. The Representation Agreement provides the current hourly rates and current charges for certain expenses charged by L&Z.

6. L&Z's attorneys have extensive experience in the field of bankruptcy and business reorganizations under chapter 11 of the Bankruptcy Code. The attorneys employed by L&Z are duly admitted to practice before this Court. Both bankruptcy partners of L&Z are "AV" rated by Martindale Hubbell for their bankruptcy work, and Matthew C. Zirzow, Esq. is Board Certified in Business Bankruptcy Law by the American Board of Certification. Further, both attorneys have practiced bankruptcy for more than twenty (20) years and have extensive experience representing operating debtors under chapter 11 of the Bankruptcy Code, as well as under Subchapter V in particular. Accordingly, L&Z has the necessary experience to deal effectively with the potential legal issues that may arise in the Debtor's Chapter 11 Case.

### Scope of Services

7. L&Z's services are appropriate and necessary to enable the Debtor to execute its duties as the debtor and the debtor in possession faithfully and to implement the restructuring and reorganization of the Debtor. This Application proposes that L&Z be employed to render the following professional services:

(a) prepare on behalf of the Debtor, as debtor in possession, all necessary or appropriate motions, applications, answers, orders, reports, and other papers in connection with the administration of the Debtor's bankruptcy estate;

(b) to take all necessary or appropriate actions in connection with a sale, and/or a plan of reorganization and related disclosure statement, and all related documents, and such further actions as may be required in connection with the

3

administration of the Debtor's estate;

   (c) take all necessary actions to protect and preserve the Debtor's estate including the prosecution of actions on the Debtor's behalf, the defense of any actions commenced against the Debtor, the negotiation of disputes in which the Debtor is involved, and the preparation of objections to claims filed against the Debtor's estate; and

   (d) perform all other necessary legal services in connection with the prosecution of the Chapter 11 Case.

  8. It is necessary for the Debtor to employ attorneys to render the foregoing professional services. Subject to this Court's approval of the Application, L&Z is willing to serve as Debtor's general bankruptcy counsel to perform the services described.

### Disinterestedness

  9. L&Z and its individual attorneys are "disinterested persons" pursuant to sections 327(a) and 101(14) of the Bankruptcy Code because they are not a creditor, equity security holder, or insider of the Debtor; they are not, and were not within two (2) years before the Petition Date, a director, officer or employee of the Debtor; and they do not have an interest materially adverse to the interests of the estate or any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in Debtor or for any other reason.

  10. Mr. Thomas, who is the Debtor's sole manager and member, was the source of L&Z's retainer, which arrangement is necessary and appropriate based on the specific facts and circumstances of this case. See In re Lotus Props. LP, 200 B.R. 388 (Bankr. C.D. Cal. 1996); In re Metro. Envtl. Inc., 293 B.R. 871 (Bankr. N.D. Ohio 2003); In re Kelton, 109 B.R. 641 (Bankr. D. Vt. 1989); Nev. R. Pro. Conduct 1.8(f). First, the terms of the fee arrangement have been timely and fully disclosed to the Debtor and the Court through this Application and the accompanying Larson Declaration, and at the very outset of the bankruptcy case. Second, the Debtor expressly consented to the fee arrangement by executing the Representation Agreement. Third, Mr. Thomas was provided with the opportunity to consult with his own independent counsel and understands that notwithstanding his payment of the retainer from personal funds,

L&Z has a duty of undivided loyalty owed exclusively to the Debtor and the bankruptcy estate. Fourth, the factual and legal relationships between the Debtor, L&Z, and Mr. Thomas, and all terms of the Representation Agreement, including the payment of the retainer, were timely and fully disclosed.

11. Finally, there is no actual conflict, non-disinterestedness, or an impermissible potential conflict of interest apparent from the transaction at issue; rather, the interests of Mr. Thomas and the Debtor are fully aligned toward a successful reorganization. First, that Mr. Thomas willingly providing a retainer from his personal funds for the Debtor's attorneys' fees and costs in this case speaks volumes regarding his willingness to contribute to the reorganization effort, and only helps, and does not hinder, a potential reorganization. Second, such an arrangement is necessary given the specific facts and circumstances of this case. In particular, the Debtor's bankruptcy counsel was unwilling to undertake the representation without a sufficient retainer, and the Debtor itself lacked sufficient funds or access to funding to provide such funds. Finally, Mr. Thomas has also personally guaranteed the loans secured on the Properties involved, and thus his personal interests are aligned with the Debtor's in seeking a successful reorganization or sale of the Properties in question through this Chapter 11 Case.

12. Pursuant to Fed. R. Bankr. P. 2014(a), L&Z does not have any connections with the Debtor, its creditors, any other party in interest, their respective attorneys or accountants, the United States Trustee, or any person employed in the Office of the United States Trustee. Further, L&Z's representation will not be adverse to the Debtor's estate.

**Compensation**

13. As outlined in the Representation Agreement, the Debtor and L&Z have agreed to an original retainer in the amount of $35,000.00. L&Z received $30,000.00 from the Debtor pre-petition, with the remaining balance of $5,000 to be paid to L&Z within one (1) week of the filing. Prior to the Petition Date, L&Z billed and was paid the sum of $5,000.00 for prepetition professional fees and costs incurred therein, including the $1,738.00 filing fee, thus leaving a remaining retainer in the amount of $23,262.00 in trust to secure payment of future legal fees and costs of L&Z from and after the Petition Date (prior to receipt of the additional $5,000.00), and

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

as may be allowed by the Court pursuant to the normal fee application process.

14. As set forth in the Representation Agreement, the hourly rate of the partners at L&Z is $550.00 per hour, and the hourly rate of paraprofessionals is $220.00 per hour. The foregoing are L&Z's current customary hourly rates, and such rates are reasonable in light its experience and the complexity of the work involved. L&Z will also seek reimbursement of its expenses pursuant to its policies set forth in the Representation Agreement, which generally involve passing through all properly reimbursable expenses to the client at cost.

15. L&Z hereafter intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, including but not limited to sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Rules, the Local Rules of Bankruptcy Practice for the United States District Court for the District of Nevada, and the Guidelines for Professional Compensation established by the Office of the United States Trustee, and further orders of this Court, for all services performed and expenses incurred after the Petition Date. It is further contemplated that L&Z may seek interim compensation during this case as permitted by section 331 of the Bankruptcy Code and Fed. R. Bankr. P. 2016.

. . .

. . .

. . .

**Conclusion**

WHEREFORE, the Debtor requests entry of an order in the form attached as **Exhibit 1**, thereby authorizing the employment of L&Z as its general bankruptcy counsel pursuant to the terms and conditions in the Representation Agreement and retroactive to the Petition Date, and to render the legal services described herein, with compensation and reimbursement of expenses to be paid as an administrative expense in such amounts as may be allowed by the Court pursuant to the provisions of sections 330 and 331 of the Bankruptcy Code.  The Debtor also requests such other and further relief as is just and proper.

Dated:  February 22, 2021.

By: /s/ Zachariah Larson
LARSON & ZIRZOW, LLC
ZACHARIAH LARSON, ESQ.
MATTHEW C. ZIRZOW, ESQ.
850 E. Bonneville Ave.
Las Vegas, Nevada 89101

Proposed Attorneys for Debtor

7