LARSON & ZIRZOW, LLC
ZACHARIAH LARSON, ESQ.
Nevada Bar No. 7787
E-mail: zlarson@lzlawnv.com
MATTHEW C. ZIRZOW, ESQ.
Nevada Bar No. 7222
E-mail: mzirzow@lzlawnv.com
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170
Fax: (702) 382-1169

Proposed Attorneys for Debtor

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

| In re:<br><br>GATA III LLC,<br><br>Debtor. | Case No. 21-10690-nmc<br>Chapter 11<br><br><br>Date:  March 23, 2021<br>Time:  9:30 a.m. |
|---|---|

**DECLARATION OF ZACHARIAH LARSON, ESQ. IN SUPPORT OF
THE APPLICATION FOR ORDER APPROVING THE EMPLOYMENT OF
LARSON & ZIRZOW, LLC AS GENERAL REORGANIZATION COUNSEL
<u>FOR DEBTOR RETROACTIVE TO THE PETITION DATE</u>**

I, Zachariah Larson, Esq., hereby declare as follows:

1. I am over the age of 18 and am mentally competent. I have personal knowledge of the facts in this matter and if called upon to testify, could and would do so. I make this declaration in support of the *Application for Order Approving the Employment of Larson & Zirzow, LLC as General Reorganization Counsel for Debtor Retroactive to the Petition Date* (the "<u>Application</u>"). Unless otherwise indicated, all capitalized terms herein shall have the same meaning as ascribed to them in the Application.

2. I am an attorney licensed to practice law in the State of Nevada, and am admitted to practice law before the courts of Nevada. I am a shareholder with the law firm of Larson & Zirzow, LLC  ("<u>L&Z</u>"), which maintains offices at 850 E. Bonneville Ave., Las Vegas, Nevada 89101. I am the principal attorney with L&Z assigned to the representation of Gata III LLC, a

Nevada limited liability company, as debtor and debtor-in-possession (the "Debtor"), in the above-referenced bankruptcy case.

## Introduction

1. Gata III LLC is a Nevada limited liability company with a principal place of business located at 1463 Graystone Canyon Ave., Las Vegas, Nevada. The Debtor was formed on April 26, 2018, and is managed by Paul Thomas ("Mr. Thomas"), who is also its sole member. The Debtor owns two (2) parcels of improved real property in Clark County, Nevada, one located at 375 North Stephanie Street, #3, Henderson, Nevada, which is currently leased to a Tokyo Boys sushi bar and restaurant, and the second located at 120 Cassia Way, Henderson, Nevada, which is a flex-use storage and warehouse space with a gross building area of 5,944 square feet (collectively, the "Properties").

## Relief Requested

2. The Debtor seeks court approval pursuant to section 327(a) of the Bankruptcy Code to employ and retain L&Z as its attorneys in connection with the Chapter 11 Case. The Debtor requests that the Court approve the retention and compensation of L&Z as its attorneys to perform the legal services that will be necessary during its Chapter 11 Case in accordance with L&Z's normal hourly rates and normal reimbursement policies. L&Z requests that this approval be granted retroactive to the Petition Date.

## Retention

3. On or about February 12, 2021, L&Z entered into a Legal Representation Agreement (the "Representation Agreement") with the Debtor, a true and correct copy of which is attached hereto as **Exhibit 1**. The Representation Agreement provides the current hourly rates and current charges for certain expenses charged by L&Z.

4. L&Z's attorneys have extensive experience in the field of bankruptcy and business reorganizations under chapter 11 of the Bankruptcy Code. The attorneys employed by L&Z are duly admitted to practice before this Court. Both bankruptcy partners of L&Z are "AV" rated by Martindale Hubbell for their bankruptcy work, and Matthew C. Zirzow, Esq. is Board Certified in Business Bankruptcy Law by the American Board of Certification. Further,

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

both attorneys have practiced bankruptcy for more than twenty (20) years and have extensive experience. Accordingly, L&Z has the necessary experience to deal effectively with the potential legal issues that may arise in the Debtor's Chapter 11 Case.

### Scope of Services

5.  L&Z's services are appropriate and necessary to enable the Debtor to execute its duties as the debtor and the debtor in possession faithfully and to implement the restructuring and reorganization of the Debtor. This Application proposes that L&Z be employed to render the following professional services:

(a) prepare on behalf of the Debtor, as debtor in possession, all necessary or appropriate motions, applications, answers, orders, reports, and other papers in connection with the administration of the Debtor's bankruptcy estate;

(b) to take all necessary or appropriate actions in connection with a sale, and/or a plan of reorganization and related disclosure statement, and all related documents, and such further actions as may be required in connection with the administration of the Debtor's estate;

(c) take all necessary actions to protect and preserve the Debtor's estate including the prosecution of actions on the Debtor's behalf, the defense of any actions commenced against the Debtor, the negotiation of disputes in which the Debtor is involved, and the preparation of objections to claims filed against the Debtor's estate; and

(d) perform all other necessary legal services in connection with the prosecution of the Chapter 11 Case.

6.  It is necessary for the Debtor to employ attorneys to render the foregoing professional services. Subject to this Court's approval of the Application, L&Z is willing to serve as Debtor's general bankruptcy counsel to perform the services described.

### Disinterestedness

7.  L&Z and its individual attorneys are "disinterested persons" pursuant to sections 327(a) and 101(14) of the Bankruptcy Code because they are not a creditor, equity security holder, or insider of the Debtor; they are not, and were not within two (2) years before the

**LARSON & ZIRZOW, LLC**
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

3

Petition Date, a director, officer or employee of the Debtor; and they do not have an interest materially adverse to the interests of the estate or any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in Debtor or for any other reason.

8. Mr. Thomas, who is the Debtor's sole manager and member, was the source of L&Z's retainer, which arrangement is necessary and appropriate based on the specific facts and circumstances of this case. See In re Lotus Props. LP, 200 B.R. 388 (Bankr. C.D. Cal. 1996); In re Metro. Envtl. Inc., 293 B.R. 871 (Bankr. N.D. Ohio 2003); In re Kelton, 109 B.R. 641 (Bankr. D. Vt. 1989); Nev. R. Pro. Conduct 1.8(f). First, the terms of the fee arrangement have been timely and fully disclosed to the Debtor and the Court through this Application and the accompanying Larson Declaration, and at the very outset of the bankruptcy case. Second, the Debtor expressly consented to the fee arrangement by executing the Representation Agreement. Third, Mr. Thomas was provided with the opportunity to consult with his own independent counsel and understands that notwithstanding his payment of the retainer from personal funds, L&Z has a duty of undivided loyalty owed exclusively to the Debtor and the bankruptcy estate. Fourth, the factual and legal relationships between the Debtor, L&Z, and Mr. Thomas, and all terms of the Representation Agreement, including the payment of the retainer, were timely and fully disclosed.

9. Finally, there is no actual conflict, non-disinterestedness, or an impermissible potential conflict of interest apparent from the transaction at issue; rather, the interests of Mr. Thomas and the Debtor are fully aligned toward a successful reorganization. First, that Mr. Thomas willingly providing a retainer from his personal funds for the Debtor's attorneys' fees and costs in this case speaks volumes regarding his willingness to contribute to the reorganization effort, and only helps, and does not hinder, a potential reorganization. Second, such an arrangement is necessary given the specific facts and circumstances of this case. In particular, the Debtor's bankruptcy counsel was unwilling to undertake the representation without a sufficient retainer, and the Debtor itself lacked sufficient funds or access to funding to provide such funds. Finally, Mr. Thomas has also personally guaranteed the loans secured on the

Properties involved, and thus his personal interests are aligned with the Debtor's in seeking a successful reorganization or sale of the Properties in question through this Chapter 11 Case.

10. Pursuant to Fed. R. Bankr. P. 2014(a), L&Z does not have any connections with the Debtor, its creditors, any other party in interest, their respective attorneys or accountants, the United States Trustee, or any person employed in the Office of the United States Trustee. Further, L&Z's representation will not be adverse to the Debtor's estate.

### Compensation

11. As outlined in the Representation Agreement, the Debtor and L&Z have agreed to an original retainer in the amount of $35,000.00. L&Z received $30,000.00 from the Debtor pre-petition, with the remaining balance of $5,000 to be paid to L&Z within one (1) week of the filing. Prior to the Petition Date, L&Z billed and was paid the sum of $5,000.00 for prepetition professional fees and costs incurred therein, including the $1,738.00 filing fee, thus leaving a remaining retainer in the amount of $23,262.00 in trust to secure payment of future legal fees and costs of L&Z from and after the Petition Date (prior to receipt of the additional $5,000.00), and as may be allowed by the Court pursuant to the normal fee application process.

12. As set forth in the Representation Agreement, the hourly rate of the partners at L&Z is $550.00 per hour, and the hourly rate of paraprofessionals is $220.00 per hour. The foregoing are L&Z's current customary hourly rates, and such rates are reasonable in light its experience and the complexity of the work involved. L&Z will also seek reimbursement of its expenses pursuant to its policies set forth in the Representation Agreement, which generally involve passing through all properly reimbursable expenses to the client at cost.

13. L&Z hereafter intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, including but not limited to sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Rules, the Local Rules of Bankruptcy Practice for the United States District Court for the District of Nevada, and the Guidelines for Professional Compensation established by the Office of the United States Trustee, and further orders of this Court, for all services performed and expenses incurred after the Petition Date. It is further contemplated that L&Z

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

may seek interim compensation during this case as permitted by section 331 of the Bankruptcy Code and Fed. R. Bankr. P. 2016.

I declare under penalty of perjury of the laws of the United States that these facts are true to the best of my knowledge and belief.

Dated: February 22, 2021.

                                         /s/ Zachariah Larson
                                        ZACHARIAH LARSON

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169