# EXHIBIT 1

# EXHIBIT 1

## LEGAL REPRESENTATION AGREEMENT

This Legal Representation Agreement (the "Agreement") is made as of February 12, 2021, by and between GATA III, LLC, a Nevada limited liability corporation, and whose principal place of business is 1463 Graystone Canyon, Las Vegas, Nevada 89183 (the "Client"); and LARSON & ZIRZOW, LLC, a Nevada limited liability company (the "Counsel"), whose address is 850 E. Bonneville Avenue, Las Vegas, Nevada 89101, Attention: Zachariah Larson, Esq.

### I.     SCOPE OF ENGAGEMENT

Subject to Client's payment of an initial retainer of $35,000.00 (the "Retainer"), Client has engaged Counsel to commence the legal representation (the "Representation") of Client to prepare, file, and proceed, if and when Client directs, with a voluntary chapter 11 bankruptcy petition under title 11 of the United States Code (the "Bankruptcy Code"), including in particular under Subchapter V, as applicable, with the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court"), and such other related negotiations and work related thereto as the Client may authorize. Prior to the filing of the bankruptcy case, LZ will apply the sum of $5,000 towards the legal fees incurred plus the filing fee of $1,738.00.

Counsel will communicate expeditiously with Client regarding significant developments and settlement offers, and will compromise or settle Client's case or claims only with Client's consent. Client understands and acknowledges that the timetable for the bankruptcy case and related bankruptcy litigation is within the discretion and control of the Bankruptcy Court. Client acknowledges that Counsel has not given, and cannot give, any assurance of the outcome of any matters covered by the Representation and Client agrees to cooperate fully with Counsel and to provide all information known by, or available to, Client which may aid Counsel in representing Client in the Representation, and to keep Counsel informed of Client's current telephone number, mailing address, and email address.

### II.    LEGAL FEES AND EXPENSES

Counsel shall invoice Client on a monthly basis, and Counsel's bills shall include a description of work performed, the hours expended, the expenses incurred, and the amount due. Counsel's current hourly rates and current charges for certain expenses are listed on Exhibit "A" to this Agreement. Counsel's compensation during the pendency of a bankruptcy case is subject to approval of the Bankruptcy Court and such monthly invoices, unless and until allowed by the Bankruptcy Court, are for informational purposes only.

Client acknowledges that Counsel may incur various expenses in providing services to Client. Client agrees to reimburse Counsel for all reasonable out-of-pocket expenses paid by Counsel. Such expenses include, but are not limited to, charges for serving and filing papers, courier messenger services, recording and certifying documents, depositions, transcripts, application and filing fees, investigative costs, computerized research, witnesses, long-distance telephone calls, copying and scanning materials, travel expenses, and postage. Such costs are charged at a rate representing reasonable charges in the community for such services.

Any dispute, controversy or claim relating to the enforcement or interpretation of Client's obligations under this Agreement shall be resolved by litigation commenced in the Bankruptcy Court, or absent that Court undertaking jurisdiction, in a court of appropriate jurisdiction in the

1

State of Nevada, Clark County. Notwithstanding the foregoing, this provision is not intended to and shall not be interpreted as a limitation of any rights Client has or may have to pursue claims against Counsel outside the context of the litigation described herein, including, but not limited to, any claims relating to malpractice liability, or to submit Client's fee dispute to any State Bar of Nevada fee dispute resolution program then in effect.

III.    INFORMATION TO BE MADE AVAILABLE TO CLIENT

Counsel agrees to assert a diligent effort to assure that Client is informed at all times as to the status of the Representation and as to the courses of actions which are being followed or are being recommended by Counsel. Counsel agrees to provide Client with all written materials sent or received by Counsel pertaining to these matters so long as all fees due to Counsel have been promptly paid by Client. Copies of all such materials will be provided at Client's expense. All of Counsel's work product will be owned by Counsel. Client is strongly urged to consult with its own independent counsel (other than the Counsel herein) regarding the terms and conditions of this Agreement prior to its execution, and by signing this Agreement, Client acknowledges that it has a proper and sufficient opportunity to review and discuss this Agreement with such independent counsel.

IV.    CONFLICTING ENGAGEMENT

Counsel agrees not to accept, without prior approval from Client, any engagement known by Counsel to be in direct conflict with the interests of Client in the Representation. If, in the course of representing multiple clients, Counsel determines in its sole discretion that a conflict of interest exists, Counsel will notify all affected clients of such conflict and may withdraw from representing any one or more of the multiple clients, possibly including Client, to the extent such a withdrawal would be permitted or required by applicable ethical provisions.

V.    TERMINATION OF REPRESENTATION

The Representation established by this Agreement is subject to termination only as follows:

A.    Counsel reserves the right to terminate the Representation: (1) if Client fails to honor this Agreement; (2) for any just reason as permitted or required under the Nevada Code of Professional Responsibility or by any appropriate court; (3) if Client demands that Counsel take action which Counsel, in its discretion, determines would violate Rule 11 of the Federal Rules of Civil Procedure or any state or bankruptcy law derivative thereof; or (4) if Client fails to cooperate with Counsel, makes false representations to counsel, or fails to pay Counsel promptly as required by the terms hereof. Notification of termination shall be made in writing to Client. In the event of termination, Client agrees to pay Counsel promptly for all services rendered plus all other charges or expenses incurred pursuant to this Agreement prior to termination.

B.    Client reserves the right to terminate the Representation at any time and shall notify Counsel in writing of any such termination. In the event of such termination, Client agrees to pay Counsel promptly for all services rendered by Counsel prior to termination plus all other charges or expenses incurred pursuant to this Agreement prior to termination. If Counsel is required to consult with a successor attorney following termination, Client agrees to deposit a retainer with Counsel to cover the cost of such services.

C.    Counsel agrees to assert a diligent effort, subject to casualties beyond the control of Counsel, to retain and maintain all major and significant components of the files of Counsel relative to the Representation for a period of four (4) years following the conclusion of the Representation.

D.    Counsel shall be entitled to enforce its attorneys' retaining lien and attorneys' charging lien in accordance with Nevada law, so that, in the event Client fails to pay Counsel as provided herein, Counsel may retain exclusive control of all Client files as well as any property, monies, or original documents in Counsel's possession, until such fees are paid in full.  Client hereby grants a power of attorney to counsel to execute any drafts or instruments payable to Client, apply sums received to Counsel's outstanding fees, and remit any remaining funds to Client.

VI.    ACKNOWLEDGMENT OF RISK IN CONTESTED CASES

Client acknowledges that, in the event of a loss, Client may be liable for the opposing party's attorney's fees and will be liable for the opposing party's costs as required by law.  Client further acknowledges that a suit brought solely to harass or coerce a settlement may result in liability for malicious prosecution or abuse of process.

VII.    COMPLETE INTEGRATION; BINDING UPON ALL PARTIES; CHOICE OF LAW

This Agreement contains the entire agreement between Client and Counsel regarding the Representation and the legal fees and other charges and expenses to be paid relative thereto.  This Agreement shall not be modified except by written agreement signed by both Client and Counsel. This Agreement shall be binding upon Client and Counsel and their respective heirs, executors, legal representatives, and successors.  This Agreement shall at all times be construed and interpreted in accordance with the laws of the State of Nevada, without regard to principles of conflicts of laws.  This Agreement may be signed in counterparts and transmitted via e-mail or by facsimile with the same force and effect.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date set forth at the beginning hereof.

COUNSEL:                                                            CLIENT:

LARSON & ZIRZOW, LLC,                                GATA III LLC,
a Nevada limited liability company:                   a Nevada limited liability company

By: _____      By: _____
Zachariah Larson                                                PAUL THOMAS
                                                                            Its: Sole Manager

3

## EXHIBIT A

## EXPENSES

| | |
|---|---|
| Local Courier Messenger Services: | actual charge |
| Fax | no charge |
| Photocopying / Scanning (per page) | $0.25 |
| Federal Express / UPS | actual charge |
| Computerized Research (Westlaw) | actual charge |
| Electronic Filing and Retrieval Fees (PACER) | actual charge |

## FEE SCHEDULE

Attorneys:
Zachariah Larson, Esq.                                          $550.00 per hour
Matthew C. Zirzow, Esq.

Paralegals/Other Professionals:
Carey Shurtliff                                                      $220.00 per hour
Trish Huelsman

4